J. H. SWAN, PLAINTIFF IN ERROR, v. WM. HUSE & SON, DEFENDANTS IN ERROR.

Fees of Printer Publishing Legal Notice. A printer publishing a notice required to be published by section 23 of the revenue law, is entitled to such compensation therefor as may be agreed upon by such printer and the person desiring such publication. If no compensation has been agreed upon, then such printer is entitled to a fair compensation for such printing and publication, to be alleged and proved as in other cases.

30

ERROR to the district court for Dixon county.    Heard below before BARNES, J.

*J. H. Swan,* for plaintiff in error.

*Gantt & Norris,* for defendants in error.

COBB, CH. J.

This cause was submitted to the district court upon a stipulation of facts, which is set out in the following words:

"William Huse & Son claim to recover of J. H. Swan $95 for services rendered to the said J. H. Swan, at his request, in printing in the Northern Nebraska *Journal,* a paper printed in Dixon county, Neb., the following described notices of purchase of town lots in the village of Ponca, Dixon county, Nebraska, at tax sale under the provisions of section 123 of the revenue laws of 1879, said notices being as follows:

"NOTICE OF PUBLICATION AT TAX SALE.

"Notice is hereby given that on the first day of November, A.D. 1880, each of the following described lots or parcels of land, to-wit: [Here follow ninety-five descriptions of lots, all in the town of Ponca, in the county of Dixon, state of Nebraska], taxed in the name of the Nebraska Land and Town Lot Company, and were duly and separately sold by the treasurer of Dixon county, state of Nebraska, in the manner provided by law, for the delinquent taxes on each thereof for the year 1879, and each of the same was then purchased by the undersigned, J. H. Swan, for said taxes, and that the time for redemption will expire thereon on the first day of November, A.D. 1882, unless sooner redeemed according to law.

"There being no special contract between the parties as to the price to be paid for the printing of said notices, the said Wm. Huse & Son claim that they are entitled to re-

cover for said services the sum of $1 for each lot or description in said notice contained, and amounting to the sum of $95. None of the admissions herein are to affect either party or to be used except for the purpose of this submission.

"The questions desired to be submitted are as follows:

"Whether the said William Huse & Son are entitled to recover, under section 125 of the revenue laws of 1879, the sum of $1 for each lot or description contained in said notice and amounting to the sum of $95, or under the statute allowing $1 per square for legal advertising, in which case the services would amount to $9. Said William Huse & Son to recover costs in case it is decided that they recover under section 125, and said J. H. Swan to recover costs in case it is decided that it is to be governed by statute fixing fees for legal notices at $1 per square; each party reserving the right to appeal or to prosecute petition in error. Judgment to be entered in said case at chambers, and to be valid and binding to both parties thereto unless reversed on error or appeal."

Upon such submission the district court rendered judgment in favor of the defendants in error against the plaintiff in error for ninety-four (94) dollars and costs.

The following provisions of the statute are applicable to the question raised by this record:

Section 123 of the revenue law provides that: "Hereafter no purchaser or assignee of such purchaser of any land, town or city lot, at any sale of lands or lots for taxes or special assessments due either to the state or any county or any incorporated town or city within the same, or at any sale for taxes or levies authorized by the laws of this state, shall be entitled to a deed for the lands or lots so purchased, until the following conditions have been complied with, to-wit: Such purchaser or assignee shall serve or cause to be served a written or printed or partly written and partly printed notice of such purchase on every person

in actual possession or occupancy of such land or lot, and also the person in whose name the same was taxed or specially assessed, if upon diligent inquiry he can be found in the county, at least three months before the expiration of the time of redemption on such sale, in which notice he shall state when he purchased the land or lot, in whose name taxed, the description of the land or lot he has purchased, for what year taxed or specially assessed, and when the time of redemption will expire. If no person is in actual possession or occupancy of such land or lot, and the person in whose name the same was taxed or specially assessed, upon diligent inquiry, cannot be found in the county, then such person or his assignee shall publish such notice in some newspaper printed in such county," etc.

Section 124 provides: "That every such purchaser or assignee, by himself or agent, shall, before he shall be entitled to a deed, make an affidavit of his having complied with the conditions of the foregoing section, stating particularly the facts relied on as such compliance, which affidavit shall be delivered to the person authorized by law to execute such tax deed to be by such officer entered on the records of his office," etc.

Section 125 provides that: "In case any person shall be compelled to publish such notice in a newspaper, then before any person who may have a right to redeem such lands or lots from such sale shall be permitted to redeem, he shall pay the officer or person who by law is authorized to receive such redemption money the amount paid for printer's fee for publishing such notice, for the use of the person compelled to publish such notice as aforesaid. The fee for such publication shall not exceed $1 for each tract or lot contained in such notice."

The one dollar here mentioned is not prescribed as the fee to which the printer shall be entitled, but is only a limitation upon the amount which the owner of the lot or land shall be compelled to pay, in addition to other moneys, as

a condition precedent to the redemption of the land. No printer is obliged to publish such notice for this fee. The purchaser of the land sold at tax sale, desiring to acquire the title, is in certain cases compelled to procure the publication of such notice. He may specially bargain for such publication at such price as may be agreed upon; if for less than one dollar per lot or tract, he would nevertheless be entitled to receive that from the person redeeming; if he is obliged to pay more he will necessarily lose the excess which he is obliged to pay above one dollar per tract or lot; and if he fails to make a special contract with the printer, the printer would be entitled to recover from him for such printing upon the *quantum meruit*, to be proved as in other cases, of services rendered; and such amount would, to no extent whatever, be governed by the provision of law above quoted. Whether it would be controlled by any other clause of the statute, prescribing a rate of printer's fees generally, it is not necessary to decide in this case.

The judgment of the district court is reversed, and the case remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.